UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA MANNI,<br><br>                   Plaintiff,<br><br>    v.<br><br>SAN DIEGO, CITY OF; DOES 1-10 inclusive,<br><br>                   Defendant. | Civil No.   11-cv-0435-W (DHB)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE AND ORDER MODIFYING SCHEDULING ORDER** |

On November 28, 2012, the Court conducted a telephonic Discovery Conference at the request of counsel for the parties. Appearing before the Court were: Thomas Seabaugh, Esq., counsel for Plaintiff; and Stacy Plotkin-Wolff, Esq., counsel for Defendants City of San Diego and Officer Salvador Hurtado. The parties' discovery dispute relates to whether an independent medical examination ("IME") of Plaintiff scheduled for December 5, 2012 is appropriate and should go forward.

## I. BACKGROUND

**A.    Plaintiff's Complaint**

Plaintiff brings this action against Defendants alleging various violations of the United States Constitution and California state law in connection with a June 6, 2010 encounter between Plaintiff and Officer Hurtado. Plaintiff alleges that while on a public street in San Diego, California, Officer Hurtado approached her, forced her hands behind her back without warning, slammed her into the trunk of a police car and violently pulled her arm resulting in a broken arm. Plaintiff further alleges that she requested medical aid and was denied such care despite her obvious injuries.

///

**B.     Scheduling Order**

On November 1, 2011, following a Rule 16 Case Management Conference, the prior Magistrate Judge assigned to this matter issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. (ECF No. 17.) The initial Scheduling Order set certain deadlines for the parties, including a January 23, 2012 deadline to designate experts "who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid." (*Id.* at ¶ 2.) The deadline for rebuttal expert designations was February 6, 2012. (*Id.*)

The Scheduling Order further provided that expert witness reports containing information required by Rule 26(a)(2)(A) and (B) were to be provided by May 7, 2012. (*Id.* at ¶ 3.) "This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony." (*Id.*; *see also* FED. R. CIV. P. 26(a)(2)(B).) The discovery cut-off was set for June 18, 2012. (ECF No. 17 at ¶ 5.)

The Court's Scheduling Order has been modified multiple times at the joint request of the parties, including on April 24, 2012 (ECF No. 22) and May 25, 2012 (ECF No. 27). Pursuant to the Court's May 25, 2012 order, the parties' deadline to serve expert reports was extended to July 11, 2012, the deadline to serve supplemental expert reports was extended to July 25, 2012, and the discovery cut-off was extended to August 22, 2012. (*Id.*)

**C.     Stay Pending Settlement**

On July 6, 2012, the Court held a Mandatory Settlement Conference which resulted in an agreement in principle to settle this matter in its entirety, subject to the required approval of the settlement by the San Diego City Council. (ECF No. 30.) In light of the upcoming expert discovery deadlines, the pending settlement and the parties' plan to seek an order from the district judge to stay the matter pending approval of the settlement, the Court granted the parties' oral request to continue the deadlines to exchange expert reports and supplemental expert reports to allow sufficient time to obtain a ruling on their joint motion to stay. Accordingly, the Court extended the deadlines for expert reports

///

///

and supplemental expert reports to July 25, 2012 and August 8, 2012, respectively. (*Id.*)[1]

On July 19, 2012, Judge Whelan granted the parties' joint motion to stay. (ECF No. 32.) However, the San Diego City Council ultimately did not approve the settlement, and the stay was lifted on October 10, 2012. (ECF Nos. 33-34.)

On October 12, 2012, the Court conducted a telephonic Status Conference. Counsel for the parties both indicated that additional time was needed to complete discovery. Specifically, Defendants' counsel stated that she would be scheduling an IME of Plaintiff. Plaintiff's counsel did not object or indicate that a Rule 35 motion would be required prior to the IME. The parties also indicated that an additional 30 to 40 days would be needed for the exchange of expert reports. The Court encouraged the parties to schedule the IME as soon as possible.

On October 19, 2012, the Court conducted an additional telephonic Status Conference in order to re-set the remaining Scheduling Order dates. At this time, the IME still had not been scheduled. Plaintiff's counsel raised a concern about travel expenses because Plaintiff would have to travel from her home in Arizona to San Diego for purposes of the IME. Again, Plaintiff's counsel did not object to the IME going forward despite the absence of a Rule 35 motion and order from the Court. The Court continued the expert report deadline to November 16, 2012, the supplemental expert report deadline to November 30, 2012, and the discovery cut-off to December 21, 2012. (ECF No. 38 at ¶¶ 1-3.) However, the Court also noted that the parties should work together to schedule the IME as soon as possible, and that any further modifications to the Scheduling Order could be addressed once a firm date for the IME had been obtained.

**D.     Pending Discovery Dispute**

On November 28, 2012, counsel for the parties contacted the Court to resolve their dispute regarding whether the IME of Plaintiff scheduled for December 5, 2012 should be allowed to go forward.

///

---

[1] The Court notes that its July 6, 2012 order extending these deadlines erroneously stated that the continued dates were for expert *designations* rather than expert *disclosures*. (ECF No. 30 at 2:1-5.) However, the Court assumes counsel for the parties understood that the dates were indeed for expert disclosures since the time for expert designations had long-since passed and the parties expressly requested that the expert disclosure dates be continued.

1  Plaintiff contends that no IME should be allowed because Defendants failed to file a motion
2  under Rule 35.  Plaintiff further contends that she never agreed to submit to an IME absent an order
3  from the Court following a Rule 35 motion, and that a motion is necessary so that Plaintiff can object
4  to the necessity and scope of the IME.  Plaintiff further contends that it is now too late for Defendants
5  to file a timely Rule 35 motion because an IME doctor is required to produce his or her expert report
6  prior to the deadline set by the Court for Rule 26 expert reports, and that deadline expired on November
7  16, 2012.  Moreover, according to Plaintiff, a Rule 35 motion cannot be made in time to comply with
8  the Court's December 21, 2012 discovery cut-off.  Finally, Plaintiff contends that if the IME is allowed
9  to go forward, Plaintiff should be afforded an opportunity to designate a rebuttal expert and engage in
10 follow-up expert discovery.

11 Defendants contend that they initially, and timely, designated an expert, Dr. Vance, to conduct
12 an IME of Plaintiff in San Diego.  However, in light of Plaintiff's concerns regarding traveling to San
13 Diego for the IME, Defendants were forced to locate and retain a doctor in Arizona that could perform
14 the IME.  Defendants did so, and are now prepared to proceed with an IME in Arizona conducted by
15 Dr. Frederick B. Wilson.  On November 8, 2012, after locating Dr. Wilson, Defendants' counsel sent
16 a letter to Plaintiff's counsel requesting that Plaintiff agree to a December 5, 2012 IME in Arizona.
17 Plaintiff's counsel did not respond until November 19, 2012.  Defendants further contend that no Rule
18 35 motion is necessary because Plaintiff's counsel had stipulated to allow the IME to go forward.
19 Moreover, Defendants indicate that the scope of Dr. Wilson's IME will be limited to an orthopedic
20 examination of Plaintiff's upper arm, and possibly will include x-rays to show the extent of healing that
21 has occurred since the initial injury.  Defendants contend that the timing under Rule 26 and Rule 35 are
22 independent, and that Defendants' IME doctor's expert report was not required to be produced by the
23 November 16, 2012 expert report deadline under Rule 26.  Finally, Defendants contend that Plaintiff
24 should not be permitted to designate any rebuttal expert because Plaintiff did not do so following
25 Defendants' initial designation of Dr. Vance as their orthopedic expert.

## II. ANALYSIS

27 As an initial matter, the Court agrees with Defendants that a stipulation to allow the IME to
28 proceed without a Rule 35 motion had been reached by the parties.  Indeed, based on the discussions

held with the Court on October 12, 2012 and October 19, 2012, the Court understood that the parties had agreed to proceed with an IME without the need for a Rule 35 motion. Although Plaintiff now appears to have backed away from that position, the Court believes that Defendants had proceeded in good faith based on a reasonable understanding that no Rule 35 motion was necessary. Plaintiff's counsel never raised the need for a motion during the discussions before the Court. Had he done so, Defendants would have been able to file their motion in a timely manner and seek additional time for the exchange of expert reports.

Next, the parties have asked that the Court decide whether Rule 26 and Rule 35 should be read independently. Clearly, there is no uniform approach to this question among the federal district courts. On one hand, numerous courts support Defendants' position that the timing requirements set forth in these Rules should be read independently of each other. *See, e.g.*, *Bush v. Pioneer Human Servs.*, No. C09-0518 RSM, 2010 WL 324432, at *5 (W.D. Wash. Jan. 21, 2010) ("[T]he deadline set in the scheduling order for expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report. The language of the rules provides some support for the proposition that the rules are separate and exclusive."); *Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007) ("Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2).").

On the other hand, numerous courts support Plaintiff's position that Rule 35 expert reports are subject to Rule 26(a)(2)'s timing requirements. *See, e.g.*, *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012) ("[A]fter considering the language, purpose, and relevant use of Rules 26 and 35, the Court is of the opinion that Rules 26 and 35 should be read in conjunction with each other when determining the proper timing for a Rule 35 examination and report."); *Minnard v. Rotech Healthcare Inc.*, No. S-06-1460 GEB GGH, 2008 U.S. Dist. LEXIS 6149, at *6 (E.D. Cal. Jan. 15, 2008) ("The purpose of the retained expert is to advocate within reasonable grounds on behalf of the person for whom retained. The expert will not simply be parroting the facts of an examination. . . . The Rule 35 exam and the retained expert's opinions are inextricably intertwined."); *Shumaker v. West*, 196 F.R.D. 454, 456 (S.D. W. Va. 2000) ("The deadlines relating to expert disclosures and the requisites provided in Rule 26 regarding the expert report are there for good reason. Both parties are entitled to knowledge

relating to the other side's experts. Without access to the identity of an expert witness and the expert's report, an opposing party cannot properly prepare its case or rebut the other party's expert witness.").

In order to resolve the instant dispute the Court need not attempt to resolve the divergent views set forth above. Indeed, even if the Court were to adopt the rationale urged by Plaintiff, the Court would find that Defendants' reliance on what appeared to be an agreement to proceed with the IME without a Rule 35 motion would have allowed Defendants to conduct the IME and exchange their expert's report prior to the Rule 26(a)(2) deadline set by the Court. Moreover, at the time the Court set the deadline for November 16, 2012, it was not known that Defendants would have to locate a separate expert in Arizona in order to accommodate Plaintiff. Had this been known, the Court could have provided for additional time when it modified the Scheduling Order. Accordingly, as set forth below, the Court finds good cause to modify the Scheduling Order to extend the parties' expert report deadlines. *See Silva v. Mercado Food Enter., Inc.*, No. 1:10-cv-02368 AWI JLT, 2012 U.S. Dist. LEXIS 6463, at *16-17 (E.D. Cal. Jan. 20, 2012) (finding good cause existed to modify a scheduling order that did not contemplate the timing of an IME, especially in light of the liberal construction to be provided to Rule 35 discovery).

The Court notes that implicit in Defendants' request is a request that the Scheduling Order be modified to allow Defendants to designate Dr. Wilson as an expert. Defendants initially designated Dr. Vance as their orthopedic expert. The only reason that Dr. Wilson needed to be retained was to accommodate Plaintiff so that she would not have to travel to San Diego for the IME. Moreover, the Court is aware that conducting the IME in Arizona imposes an added expense on Defendants. Such cooperation and professional courtesy among counsel should be encouraged. However, refusing to allow Defendants to designate Dr. Wilson would discourage cooperation among counsel in similar instances. Accordingly, the Court finds good cause exists to allow Defendants to designate Dr. Wilson as an orthopedic expert.

### III. CONCLUSION AND ORDER

Based on the foregoing discussion, IT IS HEREBY ORDERED:

1. The December 5, 2012 IME shall not go forward.

2. Good cause exists to allow Defendants to designate Dr. Frederick B. Wilson as an orthopedic expert. The scope of Dr. Wilson's anticipated testimony should not expand beyond the

testimony initially anticipated from Dr. Vance. However, because Plaintiff did not designate an orthopedic expert following Defendants' initial designation of Dr. Vance, good cause has not been shown to allow Plaintiff to designate a rebuttal expert witness.

3. Defendants shall file a Federal Rule of Civil Procedure 35 motion on or before **December 21, 2012**;[2]

4. Plaintiff shall file any opposition to Defendant's Rule 35 motion on or before **January 4, 2013**.

5. Defendants shall file any reply to Plaintiff's opposition on or before **January 11, 2013**.

6. Defendants' Rule 35 motion shall be submitted on the papers at that time. No hearing will be held unless further ordered by the Court.

IT IS FURTHER ORDERED that the Scheduling Order be modified as follows:

1. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **February 22, 2013**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

*Except as specifically provided below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

2. Any party, through any expert designated, shall, in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **March 8, 2013**.

3. All discovery shall be completed on or before **March 29, 2013**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time

---

[2] Alternatively, if the parties agree to proceed with the IME by stipulation, the parties shall notify the Court of this agreement no later than **December 21, 2012**.

in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later than 30 days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

4. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **April 16, 2013**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. <u>Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to three months**</u>. Please plan accordingly.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten pages without leave of the judge or magistrate judge who will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).

Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

5. Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified below.

/ / /

6. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **June 17, 2013**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

7. Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **June 24, 2013**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **July 8, 2013**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

9. In addition to the proposed final pretrial conference order, the parties are further ordered to prepare separate informal letter briefs, not exceeding two single-spaced pages. The informal letter briefs shall be served on opposing counsel and lodged with the chambers of the **Honorable Thomas J. Whelan** (and **not** filed with the Clerk of the Court), on or before **July 8, 2013**.

The letter brief should be a relatively informal and straightforward document. It should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to

1  what date(s) the trial should begin and any other pertinent information that wither party may deem
2  useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.
3     10.    The final pretrial conference shall be held before the **Honorable Thomas J. Whelan**,
4  on **July 15, 2013**, at **10:30 a.m**.
5     11.    The dates and times set forth herein will not be further modified except for good cause
6  shown.
7     **IT IS SO ORDERED.**
8  DATED:   December 4, 2012

_____
DAVID H. BARTICK
United States Magistrate Judge